UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATLYNN STEPP,

    Plaintiff,

v.                                                                                  CASE NO.: 8:25-cv-03353

FLYNN GROUP LLC,
d/b/a Pizza Hut Restaurant

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KATLYNN STEPP, (hereinafter "Plaintiff" or "Ms. Stepp"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, FLYNN GROUP LLC d/b/a Pizza Hut Restaurant (hereinafter "Defendant" or "Pizza Hut") and alleges:

**JURISDICTION AND VENUE**

1. This is an action for monetary damages and equitable relief under the Americans with Disabilities Act, 42 U.S.C. § 12101, et al ("ADA"), and the Florida Civil Rights Act, Section 760.01, et al ("FCRA").

2. This Court has jurisdiction over Plaintiff's ADA claim under 28 U.S.C. §§ 1331 and 1343.

3. This Court has jurisdiction over Plaintiff's FCRA claim under 28 U.S.C. § 1367.

4. Venue is appropriate in the Middle District of Florida because the events giving rise to the cause of action occurred in Hillsborough County, Florida.

## PARTIES

5. At all times material, Plaintiff, KATLYNN STEPP, was a resident of Hillsborough County, Florida.

6. Defendant, FLYNN GROUP LLC, is a Florida Limited Liability Company principally located at 650 NE 32nd Street, Unit 4206, Miami, Florida 33137.

7. Plaintiff has satisfied all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

8. Katlynn Stepp is an eighteen-year-old-female.

9. Ms. Stepp suffers from Autism Spectrum Disorder level II, and Bipolar Manic Depression level II.

10. In June 2024, Pizza Hut hired Ms. Stepp to answer phones for its restaurant.

11. Christian Smith (General Manager) hired Ms. Stepp at the recommendation of Ms. Stepp's older sister. Mr. Smith knew that Ms. Stepp had Autism.

12. After Pizza Hut hired Ms. Stepp, the restaurant required Ms. Stepp's older sister to relocate to a different Pizza Hut location for the stated reason that the company did not allow relatives to work together.

13. After Ms. Stepp began working at Pizza Hut, a long-term employee named Jen LNU, who knew Ms. Stepp had Autism, frequently called her "slow,

retarded and stupid." Jen called Ms. Stepp these names and insulted her intelligence about once a week.

14.     Shortly after Jen made these derogatory statements, Ms. Stepp informed Maria Giddens (Shift Lead) about Jen's hostile remarks.

15.     Moreover, Jen frequently made these statements in front of Mr. Smith and Rachel Hancock (Assistant General Manager), who did nothing to address the mistreatment.

16.     Mr. Smith and Ms. Hancock did not coach Jen or tell any of the team members not to speak to Ms. Stepp that way. Incidentally, Ms. Hancock is related to Mr. Smith by marriage. Ms. Hancock's sister is married to Mr. Smith's son. Mr. Smith is Ms. Hancock's sister's father-in-law.

17.     Ms. Stepp also complained about Jen's hostile behavior to Mia LNU (Coworker) after Jen continued to relentlessly bully and harass Ms. Stepp.

18.     On Saturday, April 5, 2025, Jen yelled, "What are you stupid or something?!" at Ms. Stepp while Ms. Stepp was cutting the pizzas at her station.

19.     Jen had apparently not heard Ms. Stepp's boss tell her to go and help cut the pizzas because they were falling behind while Jen was telling a story to the other workers.

20.     After Jen yelled at her, Ms. Stepp tried to tell Jen that Ms. Hancock had told her to cut the pizzas, but Jen verbally and physically shooed Ms. Stepp back to her phone station in an insulting and dismissive manner.

21.     On the night of Sunday, April 6, 2025, Mr. Smith suspended Ms. Stepp.

22. Then, a few hours later after midnight, on April 7, 2025, Mr. Smith terminated Ms. Stepp from her position without explanation.

23. Ms. Stepp believes that she was terminated because of Jen's complaint about her, which was based on Jen's bias against her because of her condition and resulting disability.

24. Mr. Smith never asked Ms. Stepp for her side of the story relating to Jen's false allegations against Ms. Stepp.

25. Ms. Stepp had never been written up or even verbally coached for poor performance during her employment at Pizza Hut.

26. Ms. Stepp performed all the essential functions of her job, worked well with the other staff, and learned tasks outside of her position, which allowed her to help in other areas.

27. Ms. Stepp could take orders over the phone and could help with cutting pizza and in other ways.

28. Ms. Stepp's performance was witnessed by Ms. Hancock.

29. Ms. Stepp has incurred attorney's fees and costs in bringing this matter.

## COUNT I
## VIOLATION OF THE ADA
## DISCRIMINATION RESULTING IN
## A HOSTILE WORK ENVIRONMENT
## ON THE BASIS OF DISABILITY

30. Plaintiff, KATLYNN STEPP, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-nine (29), as if set forth herein in full.

31. The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

32. Ms. Stepp suffers from Autism Spectrum Disorder level II and Bipolar Manic Depression level II. Ms. Stepp's disability significantly impacts her day-to-day life as she has trouble regulating her emotions and experiences sensory sensitivities to loud noises, voices, and sounds, and suffers from fluctuations in her energy levels.

33. Ms. Stepp is a member of a protected class and protected by the ADA from discrimination based on her disability or perceived disability.

34. Defendant was an "employer" within the meaning of the ADA during the time of these allegations.

35. Ms. Stepp has satisfied all procedural and administrative requirements set forth in the ADA.

36. Ms. Stepp was qualified for her job and was able to perform all essential functions of her job.

37. Ms. Stepp's non-disabled coworkers created a hostile work environment for her based on her disability or perceived disability.

38. Specifically, Jen LNU frequently called Ms. Stepp "slow, retarded and stupid." Jen called Ms. Stepp these names and insulted her intelligence about once a week. On April 5, 2025, Jen yelled, "What are you stupid or something?!" at Ms. Stepp while she was cutting pizzas at her station because Jen had apparently not heard Ms.

Hancock ask Ms. Stepp to help cut pizzas. Instead, Jen verbally and physically shooed Ms. Stepp back to the phone station in an insulting and dismissive manner.

39. The discriminatory conduct described herein was severe and pervasive and subjected Ms. Stepp to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Ms. Stepp's ability to perform her job duties.

40. Defendant's actions in subjecting Ms. Stepp to a hostile work environment because of her disability were reckless, willful, and malicious.

41. As a direct and proximate result of Defendant's actions, Ms. Stepp has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to Ms. Stepp's professional reputation. Ms. Stepp has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, KATLYNN STEPP, demands entry of a Final Judgment against Defendant, FLYNN GROUP LLC, for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E.　　An award of Punitive damages;

F.　　Reasonable attorney's fees and costs; and

G.　　All such other relief as the Court deems just, equitable and appropriate.

## COUNT II
## VIOLATION OF THE ADA
## DISCRIMINATION RESULTING IN
## ADVERSE EMPLOYMENT ACTION
## ON THE BASIS OF DISABILITY

42.　　Plaintiff, KATLYNN STEPP, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-nine (29), as if set forth herein in full.

43.　　The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

44.　　Ms. Stepp suffers from Autism Spectrum Disorder level II and Bipolar Manic Depression level II. Ms. Stepp's disability significantly impacts her day-to-day life as she has trouble regulating her emotions and experiences sensory sensitivities to loud noises, voices, and sounds, and suffers from fluctuations in her energy levels.

45.　　Ms. Stepp is a member of a protected class and protected by the ADA from discrimination based on her disability or perceived disability.

46.　　Defendant was an "employer" within the meaning of the ADA during the time of these allegations.

47.　　Ms. Stepp has satisfied all procedural and administrative requirements set forth in the ADA.

48. Ms. Stepp was qualified for her job and was able to perform all essential functions of her job.

49. Defendant subjected Ms. Stepp to adverse employment action because of her disability.

50. On April 6, 2025, Defendant suspended Ms. Stepp because of her disability.

51. The following day, on April 7, 2025, Defendant terminated Ms. Stepp from her position because of her disability.

52. Defendant's actions in suspending then terminating Ms. Stepp because of her disability were reckless, willful, and malicious.

53. As a direct and proximate result of Defendant's actions, Ms. Stepp has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Ms. Stepp has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, KATLYNN STEPP, demands entry of a Final Judgment against Defendant, FLYNN GROUP LLC, for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E.     An award of Punitive damages;

F.     Reasonable attorney's fees and costs; and

G.     All such other relief as the Court deems just, equitable and appropriate.

### COUNT III
### VIOLATION OF THE ADA
### RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY RESULTING IN A HOSTILE WORK ENVIRONMENT

54.     Plaintiff, KATLYNN STEPP, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-nine (29), as if set forth herein in full.

55.     Ms. Stepp is a member of a protected class under the ADA.

56.     Ms. Stepp engaged in protected activity under the ADA when she complained about disability discrimination to Maria Giddens and Mia LNU.

57.     After Ms. Stepp engaged in this protected activity, Defendant subjected Ms. Stepp to a hostile work environment when Jen yelled, "What are you stupid or something?!" at Ms. Stepp while Ms. Stepp was cutting pizzas at her station. Jen also verbally and physically shooed Ms. Stepp back to the phone station in an insulting and dismissive manner.

58.     The retaliatory conduct described herein was severe and pervasive and subjected Ms. Stepp to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Ms. Stepp's ability to perform her job duties.

59.     Defendant's actions constitute a violation of ADA in that Defendant retaliated against Ms. Stepp for complaining about disability discrimination.

60. Ms. Stepp's protected activity was a but-for cause of the hostile work environment she experienced, and her resulting injury.

61. Defendant acted with intent, malice and reckless disregard for Ms. Stepp's protected rights when it subjected her to a hostile work environment based on her complaints of disability discrimination.

62. As a direct, proximate and foreseeable result of Defendant's conduct described above, Ms. Stepp has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, KATLYNN STEPP, demands entry of a Final Judgment against Defendant, FLYNN GROUP LLC, for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

## COUNT IV
## VIOLATION OF THE ADA
## RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY
## RESULTING IN ADVERSE EMPLOYMENT ACTION

63. Plaintiff, KATLYNN STEPP, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-nine (29), as if set forth herein in full.

64. Ms. Stepp is a member of a protected class under the ADA.

65. Ms. Stepp engaged in protected activity under the ADA when she complained about disability discrimination to Maria Giddens and Mia LNU.

66. Defendant retaliated against Ms. Stepp for engaging in a protected activity under the ADA by suspending then terminating Ms. Stepp after she repeatedly complained about disability discrimination.

67. Defendant's actions were willful and done with malice.

68. As a direct, proximate and foreseeable result of Defendant's conduct described above, Ms. Stepp has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, KATLYNN STEPP, demands entry of a Final Judgment against Defendant, FLYNN GROUP LLC, for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

    C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

    D.    Prejudgment interest;

    E.    An award of Punitive damages;

    F.    Reasonable attorney's fees and costs; and

    G.    All such other relief as the Court deems just, equitable and appropriate.

## COUNT V
## VIOLATION OF THE FCRA
## DISCRIMINATION RESULTING IN
## HOSTILE WORK ENVIRONMENT
## ON THE BASIS OF DISABILITY

69.    Plaintiff, KATLYNN STEPP, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-nine (29), as if set forth herein in full.

70.    The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

71.    Ms. Stepp suffers from Autism Spectrum Disorder level II and Bipolar Manic Depression level II. Ms. Stepp's disability significantly impacts her day-to-day life as she has trouble regulating her emotions and experiences sensory sensitivities to loud noises, voices, and sounds, and suffers from fluctuations in her energy levels.

72.    Ms. Stepp is a member of a protected class and protected by the FCRA from discrimination based on her disability or perceived disability.

73. Defendant was an "employer" within the meaning of the FCRA during the time of these allegations.

74. Ms. Stepp has satisfied all procedural and administrative requirements set forth in the Florida Civil Rights Act, Section 760.01, et seq. Florida Statutes.

75. Ms. Stepp was qualified for her job and was able to perform all essential functions of her job.

76. Ms. Stepp's non-disabled coworkers created a hostile work environment for her based on her disability or perceived disability.

77. Specifically, Jen LNU frequently called Ms. Stepp "slow, retarded and stupid." Jen called Ms. Stepp these names and insulted her intelligence about once a week. On April 5, 2025, Jen yelled, "What are you stupid or something?!" at Ms. Stepp while she was cutting pizzas at her station because Jen had apparently not heard Ms. Hancock ask Ms. Stepp to help cut pizzas. Instead, Jen verbally and physically shooed Ms. Stepp back to the phone station in an insulting and dismissive manner.

78. The discriminatory conduct described herein was severe and pervasive and subjected Ms. Stepp to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Ms. Stepp's ability to perform her job duties.

79. Defendant's actions in subjecting Ms. Stepp to a hostile work environment because of her disability were reckless, willful, and malicious.

80. As a direct and proximate result of Defendant's actions, Ms. Stepp has suffered a loss of employment, loss of compensation, loss of privileges and benefits,

and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Ms. Stepp has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, KATLYNN STEPP, demands entry of a Final Judgment against Defendant, FLYNN GROUP LLC, for the following:

    A.    An award of Back Pay damages;

    B.    An award of Front Pay damages;

    C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

    D.    Prejudgment interest;

    E.    An award of Punitive damages;

    F.    Reasonable attorney's fees and costs; and

    G.    All such other relief as the Court deems just, equitable and appropriate.

**COUNT VI**
**VIOLATION OF THE FCRA**
**DISCRIMINATION RESULTING IN**
**ADVERSE EMPLOYMENT ACTION**
**ON THE BASIS OF DISABILITY**

81. Plaintiff, KATLYNN STEPP, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-nine (29), as if set forth herein in full.

82. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

83. Ms. Stepp suffers from Autism Spectrum Disorder level II and Bipolar Manic Depression level II. Ms. Stepp's disability significantly impacts her day-to-day life as she has trouble regulating her emotions and experiences sensory sensitivities to loud noises, voices, and sounds, and suffers from fluctuations in her energy levels.

84. Ms. Stepp is a member of a protected class and protected by the FCRA from discrimination based on her disability or perceived disability.

85. Defendant was an "employer" within the meaning of the FCRA during the time of these allegations.

86. Ms. Stepp has satisfied all procedural and administrative requirements set forth in the FCRA.

87. Ms. Stepp was qualified for her job and was able to perform all essential functions of her job.

88. Defendant subjected Ms. Stepp to adverse employment action because of her disability.

89. On April 6, 2025, Defendant suspended Ms. Stepp because of her disability.

90. The following day, on April 7, 2025, Defendant terminated Ms. Stepp from her position because of her disability.

91. Defendant's actions in suspending then terminating Ms. Stepp because of her disability were reckless, willful, and malicious.

92. As a direct and proximate result of Defendant's actions, Ms. Stepp has suffered a loss of employment, loss of compensation, loss of privileges and benefits,

and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Ms. Stepp has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, KATLYNN STEPP, demands entry of a Final Judgment against Defendant, FLYNN GROUP LLC, for the following:

    A.    An award of Back Pay damages;

    B.    An award of Front Pay damages;

    C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

    D.    Prejudgment interest;

    E.    An award of Punitive damages;

    F.    Reasonable attorney's fees and costs; and

    G.    All such other relief as the Court deems just, equitable and appropriate.

### COUNT VII
### VIOLATION OF THE FCRA
### RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY
### RESULTING IN A HOSTILE WORK ENVIRONMENT

93.    Plaintiff, KATLYNN STEPP, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-nine (29), as if set forth herein in full.

94.    Ms. Stepp is a member of a protected class under the FCRA.

95.    Ms. Stepp engaged in protected activity under the FCRA when she complained about disability discrimination to Maria Giddens and Mia LNU.

96. After Ms. Stepp engaged in this protected activity, Defendant subjected Ms. Stepp to a hostile work environment when Jen yelled, "What are you stupid or something?!" at Ms. Stepp while Ms. Stepp was cutting pizzas at her station. Jen also verbally and physically shooed Ms. Stepp back to the phone station in an insulting and dismissive manner.

97. The retaliatory conduct described herein was severe and pervasive and subjected Ms. Stepp to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Ms. Stepp's ability to perform her job duties.

98. Defendant's actions constitute a violation of the FCRA in that Defendant retaliated against Ms. Stepp for complaining about disability discrimination.

99. Ms. Stepp's protected activity was a but-for cause of her hostile work environment and resulting injury.

100. Defendant acted with intent, malice and reckless disregard for Ms. Stepp's protected rights when it subjected her to a hostile work environment based on her complaints of disability discrimination.

101. As a direct, proximate and foreseeable result of Defendant's conduct described above, Ms. Stepp has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

WHEREFORE, Plaintiff, KATLYNN STEPP, demands entry of a Final Judgment against Defendant, FLYNN GROUP LLC, for the following:

    A.    An award of Back Pay damages;

    B.    An award of Front Pay damages;

    C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

    D.    Prejudgment interest;

    E.    An award of Punitive damages;

    F.    Reasonable attorney's fees and costs; and

    G.    All such other relief as the Court deems just, equitable and appropriate.

### COUNT VIII
### VIOLATION OF THE FCRA
### RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY RESULTING IN ADVERSE EMPLOYMENT ACTION

102. Plaintiff, KATLYNN STEPP, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-nine (29), as if set forth herein in full.

103. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et al. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's engagement in a protected activity.

104. Ms. Stepp is a member of a protected class under the FCRA.

105. Ms. Stepp engaged in protected activity under the FCRA when she complained about disability discrimination to Maria Giddens and Mia LNU.

106. Defendant retaliated against Ms. Stepp for engaging in a protected activity under the FCRA by suspending then terminating Ms. Stepp after she repeatedly complained about disability discrimination.

107. Defendant's actions were willful and done with malice.

108. As a direct, proximate and foreseeable result of Defendant's conduct described above, Ms. Stepp has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, KATLYNN STEPP, demands entry of a Final Judgment against Defendant, FLYNN GROUP LLC, for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. Reasonable attorney's fees and costs;

F. An award of Punitive damages; and

G. All such other relief as the Court deems just, equitable and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 9th day of December 2025.

                                                  Respectfully submitted by:

                                                  */s/ Gary L. Printy, Jr.*
                                                  GARY L. PRINTY, JR
                                                  FL Bar No. 41956
                                                  THE PRINTY LAW FIRM
                                                  5407 N Florida Ave
                                                  Tampa, Florida 33604
                                                  Telephone (813) 434-0649
                                                  FAX (813) 423-6543
                                                  garyjr@printylawfirm.com
                                                  e-service@printylawfirm.com
                                                  ***Lead Counsel for Plaintiff***